IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD WILSON,

     Plaintiff,

     v.

NORBRECK, LLC dba JOHNNY
CARINO'S; FAIRBRECK, LLC; AH
FOODS CORPORATION, and DOES 1-
10

     Defendants.

CIV-S-04-0690 DFL JFM

MEMORANDUM OF OPINION
AND ORDER

     Plaintiff Ronald Wilson sued defendants Norbreck, LLC and
Fairbreck, LLC (collectively "Norbreck") for violations of the
Americans with Disabilities Act ("ADA") and related California
statutes.  Norbreck moves for partial summary judgment and for an
order specifying material facts as without substantial
controversy.  Wilson cross moves for summary judgment.  For the
reasons stated below, both motions are GRANTED in part and DENIED
in part.

1

I.

Wilson uses a cane or wheelchair "when traveling in public" and qualifies as "physically disabled" under all applicable state and federal laws.  (Wilson Decl. ¶ 4.)  Wilson has visited the Johnny Carino's restaurant owned by defendants ("the restaurant") five times.  (Id. ¶ 7.)  He alleges that during each visit he encountered architectural barriers which: (1) denied him full and equal access to the restaurant; and (2) caused him to suffer emotional and physical harm.  (Id. ¶ 8.)  He also claims that he has forgone dining at the restaurant on five other occasions because of these barriers. (Wilson Decl. ¶ 10.)  As a result, Wilson is seeking compensatory and punitive damages, injunctive and declaratory relief, attorneys' fees, and costs from Norbreck under: (1) The ADA (42 U.S.C. §§ 12101 et seq.); (2) Cal. Health & Safety Code §§ 19955 et seq.; (3) The Unruh Civil Rights Act ("Unruh Act") (Cal. Civ. Code §§ 51 et seq.); (4) The Disabled Persons Act (Cal. Civ. Code §§ 54 et seq.); (5) The Unfair Business Practices Act (Cal. Bus. & Prof. Code §§ 17200 et seq.); and (6) Cal. Civ. Code § 1714.  (Id. ¶ 2.)

II.

In the course of this litigation, Wilson has alleged more than sixty different ADA violations at the restaurant.  However, he only listed about half of these violations in the complaint.  The others are found in a letter addressed to the restaurant and in the expert's report.  To make matters more confusing, Wilson lists some of the alleged violations in all three documents,

others in two of the three documents, and still others in only one document.  Wilson further complicates things by moving for summary judgment on claims that he did not include in the complaint.

To clear up the confusion, the court instructed the parties to jointly compile a final list of the alleged violations on which Wilson is moving for summary judgment.  The parties complied.  The court will evaluate Wilson's motion for summary judgment based on this final list of twenty-four violations. This case vividly demonstrates that chaos will ensue unless the court insists upon strict adherence to the pleading rules and the scheduling order.  Plaintiff may only go forward on alleged violations that are fairly identified in the complaint and any amendments to the complaint.  Otherwise the complaint does not give adequate notice to defendant under Rule 8 of these barriers that he has encountered and for which he claims injury and seeks redress.

A.  <u>Standing</u>

Article III standing is limited to those plaintiffs who can allege an injury in fact that is: (1) actual and imminent; and (2) concrete and particularized.  <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61, 112 S.Ct. 2130 (1992).  As discussed in <u>Martinez v. Longs Drug Stores, Inc.</u>, CIV-S-03-1843 DFL CMK, slip op. at 10-11 (E.D. Cal. Aug. 25, 2005), a plaintiff alleging noncompliance with the ADA has standing to bring claims for violations that he had personally encountered, or had knowledge

3

1  of, at the time he filed the complaint (or any later

2  amendments).[1]  As a result, a plaintiff lacks standing to bring

3  claims on violations that he did not encounter or have actual

4  knowledge of before he filed the complaint.  Martinez, slip op.

5  at 10; see also Access Now, Inc. v. S. Fla. Stadium Corp., 1616

6  F.Supp.2d 1357, 1365 (S.D. Fla. 2001) (barring the plaintiff from

7  bringing claims for ADA violations the he did not actually

8  encounter in a stadium).

9      Wilson moves for summary judgment on twenty-four alleged ADA

10  violations.[2]  Of these twenty-four violations, both parties agree

11

12  [1] Although a plaintiff must have personal knowledge of a
   barrier to have standing, that knowledge can be indirect.  For
13  example, a plaintiff who is injured by an ADA violation at one
   table in a restaurant can sue for the same violation at other
14  identical tables without actually encountering each violation at
   each table.  Instead he can infer knowledge of the other
15  violations based on his experience at the first table.  However,
   the situations where a plaintiff can infer knowledge of a
16  violation are limited.  See Indep. Living Res. v. Or. Arena
   Corp., 982 F.Supp. 698, 762 (D.Or. 1997) (allowing the plaintiff
17  to remedy barriers that he did not encounter because "it is
   unlikely that any plaintiff will ever sit in each of the seats or
18  use each of the restrooms, or attempt to reach each of the
   ketchup dispensers. . ."); Pickern v. Best Western Timber Cove
19  Lodge Marina Resort, 2002 WL 202442 at *4 (E.D. Cal. 2002)
   (finding that a plaintiff who encountered barriers in one
20  accessible room can remedy the same violations in accessible
   rooms that he did not visit).

21  [2] They are: (1) the lack of signage directing disabled
22  patrons along the accessible route of travel to the restaurant
   entrance; (2) the lack of an accessible route of travel between
23  buildings; (3) the lack of an International Symbol of
   Accessibility at the restaurant entrance; (4) the lack of
24  detectable warnings at hazardous vehicular areas outside the
   building; (5) the entrance door requires more than five pounds of
25  force to open and closes in less than three seconds; (6) the bar
   area lacks accessible seating; (7) the path to and from the bar
26  is too narrow and filled with obstructions; (8) the raised booths
   in the cocktail lounge and dining area are inaccessible; (9) the
   restroom paper towel dispenser is mounted too high; (10) the

4

that Wilson listed six in the complaint.  They are: (1) the lack

of signage directing disabled patrons along the accessible route

of travel to the restaurant entrance; (2) the lack of accessible

seating in the bar; (3) the accessible stall toilet tissue

dispenser is more than 36" from the back wall; (4) the waste

receptacle and P-trap are located in the clear floor space in

front of the sink; (5) the restaurant floor mats are not securely

attached to the floor; and (6) the hot water pipes under the sink

are not insulated.

Wilson contends, and the court agrees, that in addition to

these six alleged violations, five other barriers are also

identified in the complaint.  They are: (1) the entrance door

required more than five pounds of pressure to operate; (2) the

cocktail lounge has booths located on an inaccessible platform;

accessible stall toilet tissue dispenser is more than 36" from
the back wall; (11) the waste receptacle and P-trap are in the
the clear floor space in front of the sink; (12) the cross slopes
of accessible routes exceed 2%; (13) the landing at the
restaurant's curb ramp exceeds 2%; (14) the slopes of the
restaurant's curb ramps exceed 8.33%; (15) the curb ramps lack
detectable warnings; (16) the detectable warnings between the
accessible parking stall and the curbside entrance are
excessively worn and no longer perform their function
satisfactorily; (17) the access aisle "NO PARKING" lettering is
only 10" in height; (18) the restaurant floor mats are not
securely attached to the floor; (19) the aisle serving both sides
of the restaurant is not 44" wide; (20) the restaurant has fixed
tables that provide a depth with less than 19" of knee clearance;
(21) the dining booths do not provide 30" between booths. Booths
located in the bar area do not provide 30" between booths and are
located on a raised platform; (22) the lowered portion of the
restaurant's bar counter is only 37.5" long and does not provide
the proper knee clearance; (23) the accessible stall in the men's
restroom is not 60" wide; and (24) the hot water pipes under the
sink are not insulated.

(3) the restaurant has fixed tables with less than 19" of clearance; (4) the dining booths do not provide 30" between booths; and (5) the lowered portion of the bar does not provide knee clearance.

However, the remaining claims listed in the motion for summary judgment were never included in the complaint or any timely amendment to the complaint. Therefore, these claims are not part of this lawsuit and will not be addressed further.

B. <u>Norbreck's Motion for Summary Judgment</u>

Norbreck moves for summary judgment on: (1) the alleged signage violation at the restaurant; (2) Wilson's representative claim under Cal. Bus. & Prof. Code § 17200; and (3) Wilson's request for punitive damages. (Defs.' Mot. at 5-11.)

1. <u>Lack of Signage Directing Disabled Patrons Along the Accessible Route to the Restaurant Entrance</u>

Norbreck moves for summary judgment on Wilson's claim that the lack of signage directing disabled patrons along the accessible route of travel to the restaurant entrance violates ADA Accessibility Guidelines Standard (ADAAG) 4.1.2(7) and California Building Code (CBC) § 1127.B.3. (Defs.' Mot. at 6; Pl.'s Mot. at 3.) ADAAG 4.1.2(7) requires restaurants to post a sign at each inaccessible entrance indicating the route to an accessible entrance. CBC § 1127.B.3 requires the posting of a sign "at every major junction along or leading to an accessible route of travel." Norbreck provides evidence that the restaurant does not violate these provisions because: (1) it has no

inaccessible entrances; and (2) only one route leads to the restaurant.  (Blackseth Decl. ¶ 4; Price Decl. ¶ 6; Card Dep. at 23:7-18.)

Wilson provides no evidence showing that the restaurant violates either of these provisions.  Because Wilson has failed to raise a triable issue of fact, Norbreck's motion for summary judgment on this claim is GRANTED.

2.   California Business and Professions Code Section 17200

Wilson seeks injunctive relief under Cal. Bus. & Prof. Code § 17200 "to end [Norbreck's] unlawful acts (i.e. remove all barriers identified in Exhibit A) on behalf of his own interests and those interests of the disabled public".  (Compl. ¶ 86.) Norbreck argues that Wilson lacks standing to pursue this claim on behalf of others.  Norbreck seeks summary judgment "to the extent plaintiff brings a representative action."  (Defs.' Mot. at 10) (emphasis in original).

The jurisdiction of federal courts is limited to cases and controversies in which the plaintiff "has been injured by the defendant's challenged conduct."  Lee v. Am. Nat'l Ins. Co., 260 F.3d 997, 1001-02 (9th Cir. 2001).  Wilson does not allege that Norbreck's discrimination against other disabled individuals has caused him harm.  Prudential limitations on standing prevent a plaintiff from bringing a representative action except in certain well-defined cases such as class actions under Rule 23 and parens patriae actions instituted by the States.  See Warth v. Seldin, 422 U.S. 490, 499 (1975) (discussing prudential limitations on

standing and holding that a plaintiff "cannot rest his claim to relief on the legal rights or interests of third parties"); Hong Kong Supermarket v. Kizer, 830 F.2d 1078, 1081 (9th Cir. 1987) (same); McMichael v. Napa County, 709 F.2d 1268, 1269-70 (9th Cir. 1983) (outlining constitutional and prudential limitations on standing).  Because actions under § 17200 are not an exception to this rule, Wilson lacks standing to bring a representative claim under that section.  Norbreck's motion for summary judgment on this issue is GRANTED.

        3.    Punitive Damages

        Norbreck moves for summary judgment on Wilson's punitive damages claim.  Wilson seeks punitive damages under Cal. Civ. Code § 3294(a).  (Compl. at 16.)  That section provides:

> In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

        California Civil Code §§ 52(a) and 54.3 limit punitive damages to three times the amount of actual damages.  See Loskot v. Lulu's Rest., CIV S-00-1497 WBS PAN (E.D. Cal. Nov. 15, 2000) (finding a request for punitive damages under Cal. Civ. Code § 3294 to be improper as applied to violations of the Unruh Act and the Disabled Persons Act).  Therefore, Norbreck's motion for summary judgment on Wilson's claim for punitive damages arising out of violations of the Unruh Act and the Disabled Persons Act is GRANTED.

Norbreck also moves for summary judgment on Wilson's claim for punitive damages arising from violations of the ADA, Cal. Health & Safety Code §§ 19955 et seq., Cal. Bus. & Prof. Code § 17200, and Cal. Civ. Code § 1714.  Norbreck argues that summary judgment is appropriate because Wilson has not provided evidence that Norbreck has "been guilty of oppression, fraud, or malice." Wilson has provided evidence that Norbreck violated both the ADA and CBC.  However, he does not come forward with any evidence showing that these violations were flagrant in the since that there have been many previous complaints, other enforcement actions, and the like.  In the absence of such evidence, no punitive damages award could be made.  Accordingly, Norbreck's motion for summary judgment on the punitive damages claim for violations of the ADA, Cal. Health & Safety Code §§ 19955 et seq., Cal. Bus. & Prof. Code § 17200, and Cal. Civ. Code § 1714 is GRANTED.

C.   Wilson's Motion for Summary Judgment

Wilson moves for summary judgment on his ADA and Unruh Act claims and Norbreck's affirmative defenses.  (Pl.'s Mot. at 12-13.)

1.   Lack of Accessible Seating in the Bar

Wilson claims that the restaurant violates ADAAG 5.1 and CBC § 1104B.5.4 because there is no accessible seating with proper knee clearance at the bar counter.  (Pl.'s Mot. at 3.)  ADAAG 5.1 requires 5% of fixed or built-in tables to be accessible to the disabled.  ADAAG 5.2 requires either a portion of a counter where

9

food or drink is served to be accessible, or that there be accessible tables in the same area.  CBC § 1104B.5.4 requires bar areas to "have one wheelchair seating space for each 20 seats, with at least one minimum wheelchair seating space."  Norbreck provides evidence through the depositions of its manager and its expert that the bar area has accessible seating which meets these requirements.  (Defs.' Opp'n at 20; Price Decl. ¶ 9.)  Because whether there is sufficient accessible seating in the bar area is disputed.  As a result, the court DENIES Wilson's motion for summary judgment.

    2.   <u>Toilet Tissue Dispenser Location</u>

    Wilson claims that the location of the toilet paper dispenser violates ADAAG 4.16.6 and CBC § 1115B.9.3 because it is 36" from the back wall and "difficult for him to reach."  (Pl.'s Mot. at 4.)  ADAAG 4.16.6 requires toilet paper dispensers in accessible stalls to be located "within reach."  CBC § 1115B.9.3 requires toilet paper dispensers to be "located on the wall within 12" of the front edge of the toilet seat."  Norbreck argues that Wilson has not presented evidence that the toilet paper dispenser is not within 12" of the toilet or is out of reach.  (Defs.' Opp'n at 17.)  Wilson provides no evidence that the placement of the toilet paper dispenser violates either state or federal law.  Therefore, summary judgment on this claim is DENIED.

    3.   <u>Location of P-Trap and Waste Baskets</u>

    Wilson claims that the P-trap and waste baskets violate

ADAAG 4.19.2 and CBC § 1115B.2.1.2.1 because they encroach on the clear floor space under the sink. (Pl.'s Mot. at 4, 7.)   ADAAG 4.19.2 requires the restaurant to provide knee clearance under the sink that is 27" high and 8" deep, and an additional toe clearance under the sink that is 9" high and 6" deep. CBC § 1115B.2.1.2.1 requires knee clearance that is 30" wide by 17" deep, but makes no reference to toe clearance. Norbreck provides evidence that the P-trap is located 9" away from the back wall and 13" above the floor. (Price Decl. ¶ 15.)  Wilson provides no evidence that disputes these measurements. (Pl's Mot. at 7.) Therefore, the court DENIES Wilson's motion for summary judgment and GRANTS summary judgment to Norbreck on the claim that the P-trap encroaches into the required toe clearance.

Wilson provides no evidence other than an unlabeled photograph to demonstrate how and to what extent the wastebaskets encroach on the clear floor space under the sink. (Pl.'s Mot. at 7.)  To carry his burden on summary judgment, Wilson must provide evidence demonstrating that he is entitled to judgment as a matter of law.  An unlabeled photograph of the sink area, devoid of any measurements, does not satisfy this burden.  Therefore, Wilson's motion for summary judgment on this claim is DENIED.

4.   Unsecured Floor Mats

Wilson claims that the floor mats in the restaurant violate ADAAG 4.5.3 and CBC § 1124B.3 because they are not securely attached to the floor. (Pl.'s Mot. at 6.)  ADAAG 4.5.3 and CBC § 1124B.3 require carpets to be "securely attached" to the floor.

1  Norbreck argues that: (1) the ADA and CBC do not apply to floor
2  mats; and (2) "the mats' transition trim and weight make them
3  'securely attached' to the floor for purposes of the ADA and
4  CBC." (Defs.' Opp'n at 21; Price Decl. ¶ 13; Blackseth Decl. ¶
5  8.)

6      The court finds that the floor mats are not "carpets" for
7  purposes of the ADA and CBC.  See United States Access Board,
8  Frequently Asked Questions About ADAAG, http://www.access-
9  board.gov/adaag/about/FAQ.htm#gfs1 (declaring that "such mats are
10 'furnishings' not covered by the ADAAG").  Because the cited
11 provisions of the ADA and CBC do not apply to floor mats, the
12 court DENIES Wilson's motion for summary judgment and GRANTS
13 summary judgment to Norbreck.

14     5.   Uninsulated Hot Water Lines

15     Wilson alleges that the hot water lines under the sink
16 violate ADAAG 4.19.4 and CBC § 1115B.2.1.2.2 because they are not
17 insulated.  (Pl.'s Mot. at 7.)  ADAAG 4.19.4 requires hot water
18 lines under the sink to be insulated or otherwise configured to
19 protect against contact.  CBC § 1115B.2.1.2.2 requires hot water
20 lines "accessible under lavatories" to be insulated.  Norbreck
21 provides evidence that the hot water lines at the restaurant do
22 not require insulation because they are configured to prevent
23 contact and are not accessible under the sink.  (Price Decl. ¶
24 16; Blackseth Decl. ¶ 9.)  Wilson provides no evidence
25 demonstrating that the hot water lines are accessible.  Because
26 only accessible hot water lines need be insulated, the court

DENIES Wilson's motion for summary judgment on this claim and GRANTS summary judgment to Norbreck.

### 6.   Entrance Door Opening Pressure

Wilson claims that the entrance door violates ADAAG 4.13.11 and CBC § 1133B.2.5 because it requires more than five pounds of force to open.  (Pl.'s Mot. at 3.)  ADAAG 4.13.11 and CBC § 1133B.2.5 require doors to open with the application of not more than five pounds of force.  Norbreck provides evidence that: (1) the restaurant has a policy of frequently inspecting its doors to ensure that they require less than five pounds of force to operate; and (2) measurements of the entrance door taken on several occasions "at or near the dates of Wilson's visits" show that it required less than five pounds of force to open.  (Opp'n at 20; Price Decl. ¶ 12.)  Whether the door was compliant at the time of Wilson's visit is in dispute.  Wilson's motion for summary judgment is DENIED on this claim.

### 7.   Inaccessible Raised Booths in Cocktail Lounge

Wilson claims that the restaurant violates ADAAG 5.4 and CBC § 1118B.4 because the booths in the cocktail lounge sit on an inaccessible raised platform.  (Pl.'s Mot. at 4, 6.)  ADAAG 5.4 provides that "all dining areas, including raised or sunken dining areas . . . shall be accessible."  CBC § 1118B.4 requires clear floor space for wheelchairs.  As the party with the burden of proof at trial, Wilson must produce evidence of a violation to succeed on a motion for summary judgment.  Wilson provides no evidence that the raised booths encroach on the clear floor space

13

for wheelchairs.  Therefore, the court DENIES Wilson's motion for summary judgment on the claim that the booths violate CBC § 1118B.4.

Wilson also fails to provide evidence that the booths constitute a "dining area" such that ADAAG 5.4 applies to them. The correct reading of ADAAG 5.4 is that the cocktail lounge as a whole is a dining area.  Therefore, the booths comprise only a part of the seating in those areas.  Because Wilson provides no evidence that the cocktail lounge itself is inaccessible, there is no violation of ADAAG 5.4.  Wilson's motion for summary judgment on this claim is DENIED.

8.  <u>Fixed Tables Without Appropriate Knee Clearance</u>

Wilson claims that the restaurant's fixed tables violate ADAAG 4.32.3 and CBC § 1122B.3 because they "provide a depth with less than 19 inches of knee clearance."  (Pl.'s Mot. at 6.) ADAAG 4.32.3 and CBC § 1122B.3 require that accessible seating at fixed tables provide at least 19" of knee clearance.  Norbreck responds that the restaurant does have fixed tables with 19" of knee clearance.  (Defs.' Opp'n at 18; Price Decl. ¶¶ 7,9.)

ADAAG 5.1 only requires 5% of the fixed tables at a restaurant to be accessible.  Therefore, a restaurant can comply with the law even if 95% of its fixed tables violate ADAAG 4.32.3 and CBC § 1122B.3.  Norbreck's evidence that it has enough fixed tables with 19" of knee clearance to meet the requirements of ADAAG 5.1 raises an issue of material fact.  Therefore, Wilson's motion for summary judgment is DENIED on this claim.

9. Inappropriately Spaced Dining Booths

Wilson claims that the booths in the bar and dining areas violate ADAAG 5.4 and CBC § 1118B.4 because they are not 30" apart. (Pl.'s Mot. at 6.) Norbreck replies that the restaurant complies with ADAAG 5.4 and CBC § 1118B.4 and that at least 5% of the seating in the bar and dining areas is accessible, as required by ADAAG 5.1 and CBC § 1104B.5.4. (Defs.' Opp'n at 17.)

ADAAG 5.4 requires all dining areas to be accessible. CBC § 1118B.4 requires a minimum of 30" by 48" of clear floor space for wheelchairs. Neither section mentions booth spacing or minimum distances between booth seats. The court finds that neither ADAAG 5.4 nor CBC § 1118B.4 requires 30" between non-accessible booths. Therefore, the court DENIES Wilson's motion for summary judgment on this claim and GRANTS summary judgment on this claim to Norbreck.

10. Lowered Bar Counter Without Knee Clearance

Wilson claims that the lowered portion of the bar counter violates ADAAG 5.2 and 4.32.3 and CBC §§ 1104B.5(4) and 1122B.3 because it does not afford the appropriate knee clearance. (Pl.'s Mot. at 6.) ADAAG 5.2 requires the restaurant to provide a lowered portion of the bar counter or to provide accessible seating in the bar area. ADAAG 4.32.3 requires the lowered portion of the bar to provide a knee space that is at least 27" high, 30" wide and 19" deep. CBC § 1104B.5(4) requires the restaurant to provide one accessible seating space for each 20 seats. CBC § 1122B.3 requires accessible seating at counters to

provide a knee space that is at least 27" high, 30" wide and 19" deep.

Norbreck provides evidence that the restaurant has enough accessible seating in the bar area to satisfy federal and state law. (Defs.' Opp'n at 20.)  As a result, Norbreck contends the lowered section of the bar need not be accessible.  (Id.)  The parties dispute whether the bar area has enough accessible seating to satisfy ADAAG 5.2 and CBC § 1104.  Therefore, summary judgment is DENIED on this claim.

11.  <u>Norbreck's Affirmative Defenses</u>

Norbreck pled the following fourteen affirmative defenses in its answer: (1) failure to state a claim; (2) unclean hands; (3) laches; (4) waiver; (5) estoppel; (6) statute of limitations; (7) failure to mitigate; (8) others at fault; (9) no punitive damages warranted; (10) Fifth and Fourteenth Amendments; (11) lack of standing; (12) mootness; (13) not readily achievable; and (14) exemptions. (Ans. at 12-15.)  Wilson moves for summary judgment on all of Norbreck's affirmative defenses except: (1) failure to state a claim; (2) lack of standing; and (3) mootness. (Pl.'s Mot. at 11.)  Wilson claims that these three theories are not "true affirmative defenses."  (Id.)

Wilson points out that Norbreck has provided no evidence to support any of its affirmative defenses. (Pl.'s Mot. at 12.)  In its opposition, Norbreck withdrew the following affirmative defenses: (1) laches; (2) waiver; (3) statute of limitations; (4) Fifth and Fourteenth Amendments; and (5) not

readily achievable.  (Defs.' Opp'n at 26.)  Norbreck provides

no evidence supporting its affirmative defense of failure to

mitigate.  Therefore, Wilson's motion for summary judgment is

GRANTED as to that claim.

In its Supplemental Answers to Interrogatories, Set One,

Norbreck provides evidence to support the following defenses:

(1) unclean hands; (2) estoppel; (3) others at fault; and (4)

exemptions.  (Defs.' Supp. Ans. to Interr. at 2-3.)

Consequently, the burden shifts back to Wilson to negate an

element of each of these defenses.  Adickes, 398 U.S. at 158-

60.  Because Wilson presents no evidence regarding these five

defenses, the motion is DENIED as to each of them.

D.   Norbreck's Motion for an Order Specifying Material Facts
     Without Substantial Controversy

Norbreck moves for an order specifying material facts

without substantial controversy.  If summary judgment "is not

rendered upon the whole case . . . and a trial is necessary,

the court . . . shall if practicable ascertain what material

facts exist without substantial controversy . . . [and] make an

order specifying [them], including the extent to which the

amount of damages or other relief is not in controversy."

Fed.R.Civ.P. 56(d).

The following facts are without substantial controversy:

(1) Wilson is disabled; (2) Wilson often, but not always, uses

a walking cane or wheelchair when traveling in public; (3)

Wilson visited the restaurant before filing the complaint; (4)

the raised booths in the cocktail lounge and dining areas are not accessible for wheelchair users; (5) the restaurant has some fixed tables that provide a depth with less than 19" of knee clearance; (6) some dining booths in the restaurant do not provide 30" of space between booths; (7) Defendant Norbreck owns the restaurant; (8) Norbreck completed construction of the building on September 16, 2002; and (9) Norbreck received certification to occupy the building on April 3, 2003.

<center>III.</center>

For the reasons set forth above, Wilson's motion for summary judgment is GRANTED on the affirmative defense of failure to mitigate. Wilson's motion is DENIED on all other claims. Norbreck's summary judgment motion is GRANTED on the following claims: (1) lack of directional signage; (2) the representative claim under § 17200; and (3) the claims for punitive damages under the Unruh Act and Disabled Persons Act.

///

///

///

///

///

///

///

///

///

<center>18</center>

In addition, the court GRANTS summary judgment to Norbreck on the following claims: (1) the P-trap encroaches into the toe clearance under the sink; (2) the unsecured floor mats violate ADAAG 4.5.3 and CBC § 1124B.3; (3) the uninsulated hot water lines violate ADAAG 4.19.4 and CBC § 1115B.2.1.2.2; and (4) the claim that the booth spacing violates ADAAG 5.4 and CBC § 1118B.4.

IT IS SO ORDERED.

Dated: 12/14/2005

DAVID F. LEVI
United States District Judge