IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD WILSON, | No. Civ. S-04-690 DFL JFM |
| Plaintiff, | Memorandum of Opinion and Order |
| v. | |
| NORBRECK LLC DBA JOHNNY CARINO'S; FAIRBRECK, LLC; AH FOODS CORPORATION, and DOES 1 to 10 | |
| Defendants.          / | |

Plaintiff Ronald Wilson, who is disabled, brought suit against defendant Norbreck LLC, making various ADA and state related claims. Wilson visited one of Norbreck's Johnny Carino's restaurants and allegedly encountered numerous architectural barriers. The court dismissed Wilson's claims based on five of these allegations at summary judgment, and, after a bench trial, the court ruled in favor of Norbreck on Wilson's remaining claims. Norbreck now moves for attorney's fees and costs under the ADA and the California Disabled Persons

Act ("CDPA"). For the reasons below, the court denies Norbreck's motion.[1]

I.

Wilson visited a Johnny Carino's restaurant ("the restaurant") and allegedly encountered various architectural barriers. Norbreck owns the restaurant. On April 7, 2004, Wilson filed suit against Norbreck, seeking compensatory and punitive damages, injunctive and declaratory relief, and attorney's fees and costs under: (1) the ADA; (2) Cal. Health & Safety Code §§ 19955 et seq.; (3) the Unruh Civil Rights Act; (4) the California Disabled Persons Act; (5) the Unfair Business Practices Act; and (6) Cal. Civ. Code § 1714. Both parties subsequently moved for summary judgment.

In the course of the litigation, Wilson "alleged" that there were more than 60 different ADA violations at the restaurant. But Wilson failed to include many of these allegations in his complaint. Instead, Wilson listed many of his allegations only in a letter he sent to Norbreck or in his expert report. Wilson further complicated matters when he moved for summary judgment on some of these allegations. Because of the resulting confusion as to which claims were part of this case, the court ordered both parties to submit a final list of alleged violations Wilson intended to pursue. The parties submitted a list of 24 allegations. On December 15, 2005, the

---

[1] In its reply, Norbreck argues that, under Local Rule 78-230(c), the court should disregard Wilson's opposition because Wilson served his opposition one day late. While Norbreck is correct that Wilson did not timely serve his opposition, the court finds the requested sanction too harsh in this case.

court found that Wilson adequately pleaded 11 alleged ADA violations in the complaint.  The court then granted Norbreck summary judgment on Wilson's claims based on five of these allegations.

On August, 1, 2006, the court held a bench trial for Wilson's remaining claims.  At trial, Wilson sought only damages and injunctive relief under the ADA and the Unruh Civil Rights Act, abandoning his other causes of action.  After a one day trial, the court found that Wilson failed to prove any ADA violation.

II.

Under the ADA, the court, in its discretion, may award "the prevailing party" attorney's fees, including litigation expenses and costs.  42 U.S.C. § 12205.  When defendants are the prevailing parties, however, courts should award fees and costs only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." Summers v. Teichert & Son, Inc., 127 F.3d 1150, 1154 (9th Cir. 1997) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)). A claim is frivolous if it is clear from "the outset of the litigation" that "it lacked a factual and legal basis." See Tutor-Saliba Corp. v. City of Hailey, 452 F.3d 1055, 1060-61 (9th Cir. 2006).

Norbreck is correct that Wilson made 69 "allegations" of architectural barriers but the majority of these allegations were not claims in suit.  Accordingly, the court finds that Norbreck prevailed only as to 11 ADA claims that were part of this lawsuit.  Just as the court disregarded Wilson's assertions

that were not part of the complaint upon summary judgment, so does the court disregard them now.  Neither party is entitled to any advantage from assertions that were never in suit.  Thus, while Norbreck contends in its motion that it defended more than 60 different violations, most of this work is not compensable because the allegations were never made part of the case.  To consider assertions in letters, reports, and briefs as if such assertions were part of an amended complaint is inconsistent with the architecture of the civil rules as well as the pre-trial scheduling order.  The court declines to follow a path that can only lead to confusion and inefficiency.

Out of Wilson's eleven ADA claims, the court finds that nine had a factual and legal basis from the outset of litigation, and, therefore, were not frivolous.  Although lacking in merit, Wilson's punitive damages claim and his Cal. Bus. Code § 17200 claim were colorable.  Similarly, five of Wilson's claims were based on colorable, albeit incorrect, interpretations of the Accessibility Guidelines ("ADAAG") and the California Business Code ("CBC"): (1) unsecured floor mats, (2) dining booths spacing, (3) accessible seating in the bar and restaurant, (4) entrance door pressure, and (5) bar accessibility.  As to Wilson's toilet paper dispenser claim and his encroaching wastebasket claim, the court determined that Wilson failed to provide sufficient evidence to establish ADA violations.  However, neither claim was frivolous.

Norbreck is correct that the remaining two claims were frivolous: (1) lack of signage directing disabled patrons along accessible route to the restaurant entrance and (2) uninsulated

hot water lines.  Both claims cite ADAAG and CBC provisions that clearly do not apply to the restaurant's configuration at the time of Wilson's visits.  The court, however, declines to award Norbreck attorney's fees and costs for their defense.  Any fees and costs award would be de minimus.  Moreover, it is impossible for the court to separate the fees and costs related to Norbreck's defense against the two frivolous claims from the fees and costs related to Norbreck's defense against Wilson's other allegations.

### III.

Norbreck also argues that it is entitled to attorney's fees and costs under Wilson's failed CDPA claims, Cal. Civ. Code §§ 54.1 and 54.3 (2007).  As with Wilson's ADA claims, Norbreck prevailed on 11 CDPA claims brought by Wilson in the complaint.[2]

The CDPA has its own attorney's fees provision.  Cal. Civ. Code § 55, provides that "[t]he prevailing party in the action shall be entitled to recover reasonable attorney's fees."  On its face, § 55 does not give courts discretion as to awarding fees, and it does not distinguish between prevailing plaintiffs and prevailing defendants.  Accordingly, some courts have found that prevailing defendants are automatically entitled to fees under § 55 without further inquiry as to whether the claims were frivolous.  See, e.g., Jones v. Wild Oats Markets, Inc., 467

---

[2]  In his opposition, Wilson contends that Norbreck did not prevail as to any CDPA claim because he abandoned such claims before trial.  This argument is unconvincing.  Defendants prevail for the purpose of attorney's fees even if plaintiffs voluntarily dismiss their claims before trial.  See Corcoran v. Columbia Broadcasting Sys., 121 F.2d 575, 576 (9th Cir. 1941).

F.Supp. 2d 1004, 1011 (S.D. Cal. 2006); Goodell v. Ralphs Grocery Co., 207 F.Supp. 2d 1124, 1126 (E.D. Cal. 2002).  But in a recent case, a California court left open the issue of whether a prevailing defendant could recover attorney's fees under § 55. Gunther, 144 Cal. App. 4th at 243 n.18 ("We leave for another day the issue of how section 55 interacts with section 54.3 [of the CDPA] and specifically whether a section 54.3 plaintiff is vulnerable as the nonprevailing party under section 55.")

Without deciding this precise issue, the court holds that when a plaintiff brings parallel CDPA and ADA claims, the ADA fees provision controls as a matter of state law.[3]

Under California law, prevailing defendants cannot receive attorney's fees for defending claims that inextricably overlap with other claims when a fee award is inappropriate for the defense of the latter.  Carver v. Chevron U.S.A., Inc., 119 Cal. App. 4th 498, 506 (2004).  In Carver, plaintiffs sued defendant for alleged antitrust violations under the Cartwright Act and also brought various common law claims.  Id. at 501.  Defendant ultimately prevailed on all of plaintiff's causes of action and moved for attorney's fees.  Id. at 502.

Many of the Carver plaintiffs' common law claims inextricably overlapped with their Cartwright Act claims.  But while defendant could receive fees for prevailing as to the former, the Cartwright act allows an award of fees only to prevailing plaintiffs and not prevailing defendants.  Id. at 503-04.  "The public policy implicit in the unilateral fee-

---

[3] The same result would likely follow under federal law under preemption principles.

6

shifting provision of [the Cartwright Act] is to encourage injured parties to broadly and effectively enforce the Cartwright Act 'in situations where they otherwise would not find it economical to sue.'" Id. at 504 (citation omitted).  The court concluded that awarding defendants fees for the defense of claims that overlapped with the Cartwright Act claims would violate that public policy.  Id. (noting that "[t]o allow Chevron to recover for fees for work on Cartwright Act issues . . . would superimpose a judicially declared principle of reciprocity of the [Cartwright Act's] fee provision . . . and would thereby frustrate the legislative intent to 'encourage improved enforcement of public policy'" (citation omitted)).

    Similarly, in this case, where the CDPA claims parallel the ADA claims, to award fees under the CDPA would compromise the public policy underlying the ADA's attorney's fees provision, which distinguishes between prevailing plaintiffs and prevailing defendants.  See Summers v. A. Teichert & Son, Inc., 127 F.3d 1150, 1154 (9th Cir. 1997).  Accordingly, the court declines to award fees to defendant under the CDPA where to do so would be tantamount to awarding fees under the ADA upon a standard inconsistent with the fees provision in the ADA.  Therefore, the court also finds that Norbreck is not entitled to fees and costs under the CDPA.

V.

    For the reasons above, the court denies Norbreck's motion for attorney's fees and costs.

    IT IS SO ORDERED.

Dated: April 9, 2007

                                    /s/ David F. Levi_____

                                    DAVID F. LEVI

                                    United States District Judge